**DAPEER, ROSENBLIT & LITVAK, LLP**
William Litvak (CA State Bar No. 90533)
wlitvak@drllaw.com
11500 W. Olympic Blvd. Suite 550
Los Angeles, California 90064
Telephone: (310) 477-5575

**DAPEER LAW, P.A.**
Rachel Dapeer, Esq.* (FL State Bar 108039)
rachel@dapeer.com
300 S. Biscayne Blvd, #2704
Miami, FL 33131
Telephone: (305) 610-5223

**NORMAND PLLC**
Edmond A. Normand* (FL State Bar 865590)
Jacob L. Phillips* (FL State Bar 120130)
service@normandpllc.com
ed@normandpllc.com
jacob@normandpllc.com
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: (407) 603-6031
* *Pro Hac Vice to follow*

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLEG KORSAKOV, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>UNITED FINANCIAL CASUALTY COMPANY, an Ohio Corporation<br><br>Defendant. | Case No.:  2:20-CV-04579<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

1
CLASS ACTION COMPLAINT

# CLASS ACTION COMPLAINT

Plaintiff Oleg Korsakov ("Plaintiff"), on behalf of himself and all others similarly situated, files this Class Action Complaint against United Financial Casualty Company ("United Financial"), and in support thereof states the following:

## INTRODUCTION

1. This is a class action lawsuit brought by Plaintiff, the named insured under his United Financial automobile policy issued for private passenger auto physical damage, including comprehensive and collision coverage (the "Policy"), and concerns the payments made by United Financial to insureds who (a) lease the insured vehicle and (b) suffer a "total loss" of the insured vehicle.

2. A "total loss" is an industry term of art that means it is not economically feasible to repair the damage and otherwise restore the insured vehicle, and thus the insurer pays the cost to replace the vehicle, rather than the cost to repair the damage to the vehicle (which would include replacement of any component parts). In other words, a "total loss" occurs where the amount of loss or damage to the vehicle – i.e., the cost to repair the physical damage – exceeds the pre-loss actual cash value of the vehicle.

3. In such situations, because the "actual cash value" (ACV) of the vehicle takes into account the pre-loss depreciation, age, mileage, market value,

the promise to pay to replace the vehicle is reduced to an amount comporting with the actual vehicle itself – i.e. of the same year, make, model, age, condition, mileage, etc.

4. Defendant complies with its Policy and California law by including sales tax calculated as the applicable percentage of the pre-loss underlying value of the insured vehicle ("ACV sales tax") if the vehicle was owned or financed. However, Defendant breaches its Policy and California law by underpaying (or not paying) sales tax if the insured vehicle was leased.

5. Nothing in the Policy makes any distinction between owned, financed, or leased vehicles, nor does the Policy give any Notice whatsoever that owned, financed, or leased vehicles are provided different or less coverage. To the contrary, the Policy defines and treats owned, financed, and leased vehicles identically. Unsurprisingly, insureds pay precisely the same premium (all else being equal) for owned, financed, and leased vehicles in exchange for the same promised coverage. The only time United Financial distinguishes between owned, financed, and leased vehicles is in payment of ACV sales tax, where United Financial arbitrarily and in breach of the Policy makes such a distinction by paying ACV sales tax if the vehicle was owned or financed, and not paying ACV sales tax if the vehicle was leased.

6. Pursuant to its standard Policy form language, the ACV of insured vehicles is not based on the amount, if any, originally paid by the insured for the total loss vehicle, nor on the amount, if any, paid by the insured to replace the total loss vehicle.

7. This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who have suffered damages due to United Financials' practice conditioning payment of full ACV sales tax based on whether the insured vehicle was leased, notwithstanding that such condition is absent from the Policy, which, by contrast, promises the same coverage irrespective of whether the insured vehicle is leased or not leased.

8. The failure to pay ACV sales tax on first-party total losses owed to United Financial leased-vehicle insureds pursuant to United Financials' uniform policy language constitutes a breach of the policy.

## THE PARTIES

9. Plaintiff Oleg Korsakov is domiciled and resides in Los Angeles County, California, and is a citizen of the State of California.

10. At all times material hereto, United Financial is and was a foreign corporation located in the State of Ohio, incorporated in Ohio and with its principal place of business in Ohio, and authorized to transact insurance in the State of California.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) Plaintiff is a member of the putative class, which consists of at least 100 members, and Plaintiff and Defendant are citizens of different states; (b) the amount-in-controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the exceptions under § 1332 apply to this claim.

12. Venue is proper in this court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

### A. The United Financial Policy

13. Defendant United Financials' policy language as to comprehensive and collision coverage for ACV of total loss vehicles is standardized and is present in United Financial auto policies issued by Defendant in California. Indeed, Plaintiff and all putative Class members were insured under a standard form policy that includes identical material language. The Policy under which Plaintiff was insured, which is materially identical to the Policy under which all putative Class members were insured, is affixed hereto as Exhibit A[1].

//
//

---

[1] Exhibit A is United Financials' Policy Form 9611D CA 1014.

CLASS ACTION COMPLAINT

14. In Section IV of the Policy, entitled "DAMAGE TO A VEHICLE," United Financial states, in relevant part, that it will pay for "sudden, direct and accidental loss to a … covered auto." Exh. A at 21 of 40.

15. "Collision" is defined as "the upset of a vehicle or its impact with another vehicle or object." *Id*. at 24 of 40.

16. Where a loss occurs, the Policy promises to "pay for the loss in money" or to "repair or replace" the vehicle, *id*. at 24, subject to certain limitations on liability, including ACV, *id*. at 26 of 40.

17. Pursuant to its Policy promises and California law, United Financial properly pays ACV sales tax if the vehicle is owned or financed. However, United Financial arbitrarily, and in breach of its contractual obligations and California law, fails to pay ACV sales tax if the insured vehicle is leased – instead, United Financial pays only a small portion of ACV sales tax or does not pay ACV sales tax at all.

18. There is no Policy justification for making such distinction. Far from promising something different depending on whether the insured vehicle is owned, financed, or leased, the Policy language applies equally to all covered autos irrespective of ownership interests.

19. "Covered auto" is defined as "an auto or trailer expressly identified by make, model and vehicle identification number on the declarations page for the

coverages applicable to that auto or trailer." *Id.* at 6 of 40. In other words, the Policy applies to a "Covered auto," which is defined simply as the vehicle identified on the declarations page, with no mention of whether the vehicle is owned, financed, or leased.

20. Further, the Policy includes a "Loan/Lease Payoff" provision – which is an additional coverage for which an additional premium is paid – which applies to a "Covered auto" where the amount owed on a lien exceeds the amount paid by United Financial for the total-loss claim. In other words, the Policy *specifically contemplates* that a "Covered auto" might be leased, or might be financed, or might be owned. Every Policy provision on loss, damage, payment, exclusions, and limitations on liability applies equally to a "Covered auto" without distinction.

21. Nothing in the Policy conditions payment on the amount paid, if any, on the total loss vehicle, nor on the amount paid, if any, to replace the total-loss vehicle.

22. The amount owed, including ACV sales tax, is the same whether the insured paid nothing for the total loss vehicle, paid less than what the vehicle was worth, or paid more than what the vehicle was worth, and it is the same whether the insured replaces the vehicle with a more expensive vehicle, a less expensive vehicle, or chooses not to replace the vehicle at all.

//

23. Nevertheless, United Financial breaches its Policy by imposing a condition on payment of ACV sales tax based on whether the vehicle is owned, financed, or leased. Such condition is completely absent from the Policy, which instead defines such vehicles the same and treats them equally; thus, United Financial extracontractual condition, based upon which United Financial pays ACV sales tax to owned/financed insureds but not to leased insureds, breaches the Policy.

### B. Plaintiff's Total Loss Claim

24. At all times material hereto, Plaintiff Korsakov leased and insured a 2016 Audi Q5 Premium 4 Door Utility vehicle.

25. Plaintiff insured the vehicle under an insurance policy issued by Defendant. Exhibit A (Policy); Exhibit B (Decl. Sheet). Defendant insured Plaintiff's vehicle according to this Policy at all times material hereto.

26. On or about June 9, 2016, Plaintiff was involved in an accident while operating the insured vehicle. As a result of said accident, Plaintiff filed a claim for property damage with Defendant.

27. Following the filing of said claim, United Financial determined that the vehicle was a total loss with an underlying value (or adjusted value) of $40,722.26.

//

28. The underlying vehicle value are calculated based on the "sticker price" or "sale price" of comparable vehicles listed for sale in the local market.

29. The ACV sales tax owed to Plaintiff was $3,665.05 (underlying value * .09) because the sales tax at the time was 9%.

30. In breach of its contract with Plaintiff, United Financial did not pay ACV sales tax – instead, United Financial paid only $177.88 in sales tax, for an underpayment of $3,487.17.

31. Plaintiff does not seek the full amount of loss, and does not contest United Financials' determination that the amount of loss constituted a "total loss", thereby capping United Financials' liability for the loss at the pre-loss ACV of the total-loss vehicle.

32. Defendant's extracontractual distinction between owned, financed, and leased vehicles – notwithstanding its Policy language treating and defining them the same – in payment of ACV sales tax constitutes a breach of the Policy.

33. Plaintiff paid all premiums owed and otherwise satisfied all conditions precedent such that his insurance policy was in effect and operational at the time of the accident. By paying the claim—albeit insufficiently— United Financial acknowledged that Plaintiff satisfied all conditions precedent required under the Policy.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action seeking representation of a class pursuant to Federal Rule of Civil Procedure 23.

35. Plaintiff brings this action as class representative, individually and on behalf of all other persons or entities similarly situated, more specifically defined as follows:

> All individuals insureds under a California policy issued by United Financial Casualty Company covering a leased vehicle with private-passenger auto physical damage coverage who made a first-party claim determined to be a covered total-loss claim, where the total loss payment did not include sales tax calculated as the applicable state and local percentage of the adjusted vehicle value ("ACV Sales Tax"), within four years prior to the date on which this lawsuit was filed through the date of any certification order.

36. Certification of the above class is supported by the following considerations:

   a. The relatively small amount of damages that members of the class have suffered on an individual basis would not justify the prosecution of separate lawsuits;

   b. Counsel in this class action are not aware of any litigation against United Financial in which any of the members of the class is a party and which any question of law or fact in the subject action can be adjudicated; and

   c. No difficulties would be encountered in the management of Plaintiff's claim on a class action

basis, because the class is readily definable and the prosecution of this class action would reduce the possibility of repetitious litigation.

37. Although the precise number of members of the Class is unknown to Plaintiff at this time and can only be determined through appropriate discovery, upon information and belief, the class of persons affected by Defendant's unlawful practice alleged herein consists of thousands of individuals and are otherwise so numerous that joinder of all class members is impractical. The unlawful practice alleged herein is a systematic and uniform practice, employed by Defendant in violation of standardized and uniform insurance policy language, which results in the retention by Defendant of insurance benefits and monies properly owed to Plaintiff and the Class members.

38. The precise number of members of the Class can only be determined through discovery. However, upon information and belief, including investigation by their attorneys and public information concerning the statistical likelihood of total losses per premiums written, Plaintiff believes the Class is comprised of more than 6,000 members. Numerosity under Rule 23(a)(1) is established.

39. Rule 23(a)(2)'s commonality requirement is also satisfied. The central issues in this litigation turn on the interpretation of materially identical policy provisions; thus, this case is well-suited for class-wide adjudication.

Defendant and all members of the Class, including the Plaintiff, are bound by materially identical policy terms.

40. Common questions include (but are not limited to): (1) whether Defendant's standardized policy language defines and treats leased, financed, and owned vehicles in a materially-similar manner; (2) whether United Financial makes the same promise as to leased, financed, and owned vehicles; (3) whether the ACV of a vehicle depends on whether it is owned, leased, or financed; and (4) whether United Financial owes ACV sales tax to leased-vehicle insureds. Commonality under Rule 23(a)(2) is established.

41. Rule 23(a)(3)'s typicality requirement is satisfied because Plaintiff and members of the Classes were injured by Defendant's uniform misconduct. Further, Plaintiff and Class members' legal claims arise from the same core practices and are based upon the same legal theories as those of the members of the Classes. Plaintiff suffered the same harm as all other members of the Class, and is not subject to any unique defenses nor does Plaintiff bring any unique claims. The relevant Policy provisions for each Class member are the same. The relevant law relating to the interpretation and application of those Policy provisions for each Class member is the same. Typicality under Rule 23(a)(3).

42. Rule 23(b)(3)'s predominance requirement is satisfied because the previously articulated common issues of fact and law predominate over any

question solely affecting individual Class members. The common questions are dispositive to every claim, the answer to which will resolve virtually the entirety of the claims in a single stroke.

43. Further, the measure of damages, if any, is the same for every member of both Classes, and any variances in damages will reflect only variances in underlying vehicle values (some vehicles are more expensive than others, and thus the applicable ACV sales tax owed will be different), the application of which is a purely ministerial function. Otherwise, there are no individualized questions of fact or law.

44. Further, Rule 23(b)(3)'s superiority requirement is met here: class treatment is superior to any other alternative method of adjudication because the damages suffered by individual members of both Classes is relatively small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for Class members to seek individual redress for the wrongs done to them. Even if some members of the Classes could afford individual litigation, the court system could not. Thousands of individual cases asserting precisely the same claim that Plaintiff asserts here would be uneconomical and would strain (indeed, likely overwhelm) judicial resources. It is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the

consistency of adjudications. No difficulty would be encountered in the management of this case that would preclude its maintenance as a class action.

45. Plaintiff and her counsel will fairly and adequately protect and represent the interests of each member of the Class. Plaintiff possesses no conflict with members of the Classes. Plaintiff's claim does not conflict with that of any member of the Classes, and Plaintiff has no financial or any other interest conflicting with those of the Class. Plaintiff fully intends to vigorously protect the interests of Class members in prosecuting these claims.

46. Plaintiff is committed to the vigorous prosecution of this action and retained competent counsel experienced in prosecuting and defending class actions. Moreover, Plaintiff's counsel has successfully litigated other class action cases similar to that here, where insurers breached contracts with insureds by failing to include ACV Sales Tax after total losses.

## CLAIM FOR RELIEF
## BREACH OF CONTRACT

47. Plaintiff incorporates by reference the previous paragraphs as though fully set forth herein.

48. Plaintiff was party to an insurance contract with Defendant as described herein. All Class members were parties to insurance contracts with Defendant containing materially identical terms.

14
CLASS ACTION COMPLAINT

49. The interpretation of Plaintiff's and all Class members' Policies is governed by California law.

50. Plaintiff and all Class members made a claim determined by Defendant to be a first-party total loss under the insurance policy and determined by Defendant to be a covered claim.

51. Defendant, by paying the total loss claim, determined that Plaintiff and each Class members complied with the terms of his or her insurance contract, and fulfilled all required duties and conditions under the Policies for the insured to be paid on his or her total loss.

52. As to Plaintiff and each Class Member, Defendant determined that the total-loss vehicle was a leased vehicle and imposed an extracontractual condition in breach of the Policy by declining to pay ACV Sales Tax.

53. Because the Policy imposes no such distinction, but rather provides the same coverage to any "Covered auto" irrespective of whether it was owned, financed, or leased, Defendant's failure to pay ACV sales tax constitutes a material breach of contract with Plaintiff and every Class member.

54. As a result of said breaches, Plaintiff and the Class members are entitled, under Defendant's Policies, to sums representing the benefits owed for ACV sales tax (less any amount in sales tax already paid), as well as costs, pre-

judgment and post-judgment interest, injunctive relief and other relief as is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands a trial by jury on all triable issues and seek and pray for relief and judgment as follows:

a. For an Order certifying this action as a Class Action on behalf of the Class described above;

b. For an award of compensatory damages for Plaintiff and members of the Class in amounts owed under the Policies;

c. For all other damages according to proof;

d. For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

e. For pre- and post- judgment interests on any amounts awarded; and

g. For other and further forms of relief as this Court deems just and proper.

//
//
//
//
//

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 19, 2020

Respectfully submitted,

By:    /s/ William Litvak
William Litvak (SBN 90533)
wlitvak@drllaw.com
**DAPEER, ROSENBLIT & LITVAK, LLP**
11500 W. Olympic Blvd. Suite 550
Los Angeles, California 90064
Telephone: (310) 477-5575

**DAPEER LAW, P.A.**
Rachel Dapeer, Esq.*
rachel@dapeer.com
300 S Biscayne Blvd, #2704
Miami, FL 33131
Telephone: (305) 610-5223

**NORMAND PLLC**
Edmond A. Normand*
Jacob L. Phillips*
service@normandpllc.com
ed@normandpllc.com
jacob@normandpllc.com
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: (407) 603-6031

*Pro Hac Vice to follow*

*Attorneys For Plaintiff and the Putative Classes*